# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.B.**

**No. 13-1239** (Jackson County 12-JA-49)

**FILED**

June 2, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Erica Brannon Gunn, from an order entered on November 13, 2013, in the Circuit Court of Jackson County, which terminated his parental rights to five-year-old J.B. The guardian ad litem for the child, Laurence W. Hancock, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by not limiting the scope of testimony to areas unrelated to pending criminal charges and by denying his motion for an extension to his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed an abuse and neglect petition against J.B.'s parents, which alleged that they engaged in domestic violence in J.B.'s presence. Specifically, the parents engaged in a heated argument where petitioner punched the wall above the mother's head before grabbing her by the neck and throwing her face down to choke her. The petition also alleged that petitioner admitted to punching the wall, but that he denied physically assaulting the mother, despite marks and scars of this assault on the mother's body. At the adjudicatory hearing in January of 2013, petitioner stipulated to exposing the child to domestic violence. The circuit court granted petitioner a six-month post-adjudicatory improvement period with directions to submit to a psychological evaluation and to follow subsequent treatment recommendations, obtain safe and secure housing, participate in individual and group parenting classes and therapy, consistently visit with the child, fully cooperate with the DHHR, and avoid any criminal conduct.

In April of 2013, petitioner was charged with wanton endangerment and was incarcerated for two months. At the two dispositional hearings in October of 2013, petitioner's charge was still pending. At the first dispositional hearing, the family's Child Protective Services ("CPS") worker, Margaret Anderson, testified that petitioner did not begin his individual therapy until August, even though his improvement period began in February. The CPS worker also testified that petitioner had not secured stable housing and that there was no reasonable likelihood that the conditions that led to the child's abuse and neglect could be corrected in the near future. Nicha

1

Burchett, who was petitioner's in-home counselor with Children First, testified that although petitioner participated in services with some success, he also failed to take responsibility for his actions and instead blamed others for his child's removal. Petitioner also testified. When the circuit court began questioning petitioner about the incident surrounding his wanton endangerment charge, petitioner exercised his right to remain silent. Petitioner argued that he was entitled to testify about his participation in parenting services, but could remain silent if cross-examined about the alleged crime. The circuit court disagreed, ruling that this information would be relevant to reviewing his participation in an improvement period. Subsequently, petitioner opted to not testify further. In November of 2013, the circuit court entered its order terminating petitioner's parental rights to the child. From this termination order, petitioner now brings this appeal.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal, both which pertain to his motion for an extension of his improvement period. First, petitioner argues that the circuit court erred in not allowing petitioner to limit the scope of his testimony to areas unrelated to pending criminal charges. Petitioner asserts that, had the circuit court not made this ruling, he could have presented testimony in support of his motion for an extension of his improvement period. Second, petitioner argues that the circuit court erred in denying his motion for an extension of his improvement period. Petitioner asserts that he presented evidence that he had substantially complied with the terms and conditions of his improvement period.

Upon our review of the record, with regard to petitioner's decision to exercise his right to remain silent, we find no error by the circuit court. Petitioner asserts that the Court in *West Virginia Department of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996), focused on the effect of a parent's silence at the adjudicatory stage, whereas in the instant case, petitioner remained silent at the dispositional phase of the proceedings. Syllabus point two of *Doris S.* held as follows:

Because the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Under the circumstances before us, the fact that *Doris S.* involved an adjudicatory rather than a dispositional hearing is a distinction without a difference. Indeed, petitioner offers no arguments to the contrary. We find no error in the circuit court's ruling that testimony concerning petitioner's wanton endangerment charge would be relevant to the abuse and neglect case; underlying circumstances in which petitioner allegedly committed wanton endangerment would contribute directly to his failure to fully participate in an improvement period. Moreover, other witnesses' testimony revealed that petitioner had not fully participated with his improvement period and failed to take responsibility for his child's removal.

We also find no error by the circuit court in denying petitioner's motion to extend his improvement period. West Virginia Code § 49-6-12(g) directs the following:

A court may extend [an] improvement period . . . for a period not to exceed three months when the [circuit] court finds that the [subject parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the [DHHR] to permanently place the child[ren]; and that such extension is otherwise consistent with the best interest of the child[ren].

As discussed, our review of the record reveals that petitioner minimally participated in his improvement period and never accepted responsibility for J.B.'s removal. Although petitioner contends that he presented evidence that he substantially complied with his improvement period, this evidence supports the contrary. Further, none of the evidence in the record reveals that continuing the improvement period would not have substantially impaired the child's permanency or that it would have been consistent with the child's best interests.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II